# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                Case No. 6:04-cr-212-Orl-31DAB

**CARLOS VAZQUEZ**

_____

## MEMORANDUM SENTENCING OPINION ON REMAND

On July 19, 2005 Carlos Vazquez came before this Court for sentencing. After calculating a Guidelines range of 210 to 262 months incarceration and considering all of the § 3553(a) factors, this Court determined that a sentence of 110 months incarceration was reasonable and appropriate for this Defendant. The Government, taking its usual position that only sentences within the Guidelines are reasonable, appealed Mr. Vazquez' sentence. On appeal, the Eleventh Circuit held that the sentence imposed by this Court was procedurally flawed because this Court's "imposition of the sentence was 'substantially affected' by an impermissible factor, [namely] the district court's disagreement with the Guidelines." (Doc. 144 at 15). The Eleventh Circuit then reversed Mr. Vazquez' sentence and remanded the matter for re-sentencing.

Since the remand of this matter on August 16, 2007, the United States Supreme Court has issued its opinion in *Kimbrough v. United States*, 128 S.Ct. 558 (2007). While not directly on point, *Kimbrough* indicates that a district court's disagreement with the Guidelines does not necessarily render a sentence unreasonable. Instead, the Supreme Court in *Kimbrough* emphasized the advisory nature of the Guidelines and recognized that "as a general matter courts may vary

from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines." *Id* at 570.

Like the crack/powder cocaine disparity involved in *Kimbrough*, the recidivism enhancement employed in U.S.S.G. 4B1.1 ("4B1.1") is an embodiment of congressional policy. 28 U.S.C. § 994(h). However, *Kimbrough* involved an issue of implied congressional policy (i.e. the 100:1 ratio used in setting mandatory minimum sentences), whereas the 4B1.1 enhancement is a product of direct congressional expression. *Kimbrough,* 128 S.Ct. at 572. Thus, it may be that 4B1.1 is immune from the policy criticisms otherwise permissible.

While 4B1.1 may be unassailable from a policy standpoint, its application to the facts of this case are nonetheless advisory and not mandatory. As noted in *Kimbrough*, district courts must treat the guidelines as the "starting point and the initial benchmark" in framing a reasonable sentence because, in the ordinary case, the Commission's recommendation of a sentencing range will reflect only a rough approximation of sentences that might achieve § 3553(a)'s objectives. *Id.* at 574 (citing *Gall v. United States*, 128 S.Ct. 586 (2007) and *Rita v. United States*, 127 S.Ct. 2456 (2007)). However, it is the sentencing judge who has greater familiarity with the case before him, who is "in a superior position to find facts and judge their import under 3553(a) in a particular case." *Kimbrough*, 128 S.Ct. at 574.

Based upon the facts before it, and without regard to any policy concerns the Court may have about the application of 4B1.1 in this case, the Court has considered the § 3553(a) factors and concludes that a sentence of 180 months incarceration, along with the same terms and conditions previously imposed, is consistent with § 3553(a)(1) and is sufficient but not greater than necessary to fulfill the objectives of § 3553(a)(2).

While the Circuit Court did not address the substantive reasonableness of this Court's sentence, it noted that after "consideration of the § 3553(a) factors, the court may impose a higher or lower sentence, with the caveat that a sentence constituting an 'extraordinary reduction' from the Guideline range should be supported by 'extraordinary circumstances.'" (Doc. 144 at 16 n3). In *Gall*, the Supreme Court recognized that the extent of variance from the Guidelines is an appropriate consideration when considering the totality of the individualized circumstances. *Gall,* 128 S.Ct. at 594-95.  However, the Court rejected the "extraordinary circumstances" test and the use of rigid mathematical formulas for determining reasonableness. *Id*. at 595. In any event, the sentence imposed here (over 85% of the Guideline) is not an extraordinary reduction.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 30, 2008.

                                                                                                  GREGORY A. PRESNELL
                                                                                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
CARLOS VAZQUEZ
Adalberto Rosa